PER CURIAM:
Denied. Relator fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
*506 STATE OF LOUISIANA PARISH OF OUACHITA FOURTH DISTRICT COURT STATE OF LOUISIANA FILED: Aug. 18, 2016 VERSUS NO. 12-F2240 KEVIN BARNES DEPUTY CLERK OF COURT
SUPPLEMENTAL RULING REGARDING APPLICATION FOR POST CONVICTION RELIEF
By written ruling, this Court previously denied all aspects of Petitioner's application for post conviction relief other than the alleged failure to communicate a more favorable plea bargain arrangement to Petitioner resulting in an allegation of ineffective assistance of counsel. At this time, this Court also denies Petitioner's remaining claim.
The Court ordered the Office of the District Attorney to file a written response regarding the claim raised by Petitioner that a more favorable plea bargain arrangement was not communicated to him. The District Attorney's Office complied with Assistant District Attorney Ellen R. Eade providing the Court with an excellent and thorough response to Petitioner's remaining claim. The documentation provided by the Record, as well as the affidavits of the Lawyers involved in this proceeding on behalf of the Petitioner and the State establish that no more favorable plea bargain or offer ever existed in this situation and, accordingly, there could have been no failure to communicate this nonexistent plea offer or bargain to Petitioner.
Accordingly, the remaining claim made by petitioner in his application for post conviction relief filed April 26, 2016 is hereby denied.
The Court notes Petitioner's filing of June 26, 2016, entitled "writ application". While that document itself makes no mention of what ruling Petitioner seeks to have reviewed, the Court assumes it complains of the original, and now the supplemental, ruling issued by this Court regarding Petitioner's April 26, 2016, post conviction relief application. Further, this pro se filing entitled "writ application" makes no request for a return date for the matter to be reviewed by a higher court. Nevertheless, this Court will *507 proceed to address this matter at this time as well for the sake of efficiency and judicial economy with respect to Petitioner's complaints.
Although made prematurely with respect to this Court's supplemental ruling on Petitioner's post conviction relief application, the Court hereby accepts notice of Petitioner's intent to seek supervisory review of both the original and the supplemental rulings regarding Petitioner's application for post conviction relief. Accordingly, this Court issues the following of orders:
IT IS HEREBY ORDERED that notice of intent to seek supervisory review of this Court's original and supplemental rulings regarding Petitioner's application for post conviction relief is hereby accepted and that same request is hereby granted.
IT IS FURTHER ORDERED that Petitioner shall file his application for supervisory review with respect to the above mentioned rulings of this Court with the Honorable Second Circuit Court of Appeal with the return date for the filing of this application for supervisory review being the 19th day of September, 2016.
Done and signed this 18th day of August, 2016, in Monroe, Louisiana.
WILSON RAMBO, JUDGE FOURTH DISTRICT COURT DIVISION "C" PLEASE SERVE ELLEN EADE ASSISTANT DISTRICT ATTORNEY FOURTH JUDICIAL DISTRICT COURTHOUSE ANNEX MONROE, LOUISIANA 71201 KEVIN L. BARNES, SR., DOC# 20847 C/O UNION PARISH DETENTION CENTER DORM L 707 RODEO CIRCLE FARMERVILLE, LOUISIANA 71241 WARDEN STEVE HANSEN UNION PARISH DETENTION CENTER ATTORNEY ATLAW DORM L ONE WOOD STREET 707 RODEO CIRCLE MONROE, LA 71201 FARMERVILLE, LOUISIANA 71241